THE STATE EX REL. SANESE SERVICES, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Sanese Serv. v. Indus.
Comm.* (1997), 79 Ohio St.3d 213.]

(No. 95–418—Submitted April 15, 1997—Decided July 16, 1997.)

*Porter, Wright, Morris & Arthur, Diane C. Reichwein* and *Christopher C. Russell,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Jeffrey B. Duber,* Assistant Attorney General, for appellee Industrial Commission.

*Gibson & Robbins–Penniman* and *Gus Robbins–Penniman,* for appellee Ogg.

*Per Curiam.* R.C. 4123.56(B) provides:

"Where an employee in a claim allowed under this chapter suffers a wage loss as a result of returning to employment other than his former position of employment or as a result of being unable to find employment consistent with the claimant's physical capabilities, he shall receive compensation at sixty-six and two-thirds per cent of his weekly wage loss not to exceed the statewide average weekly wage for a period not to exceed two hundred weeks."

Ohio Adm.Code 4121–3–32(D) states:

"In injury claims in which the date of injury * * * is on or after August 22, 1986, the payment of compensation [for] wage loss pursuant to division (B) of

section 4123.56 of the Revised Code shall commence upon application with a finding of any of the following:

"(1) The employee, as a direct result of the allowed conditions in the claim, returns to employment other than his former position of employment and suffers a wage loss.

"(2) The employee returns to his former position but suffers a wage loss.

"(3) The employee, as a direct result of the allowed conditions in the claim, is unable to find work consistent with the employee's physical capabilities and suffers a wage loss."

Sanese does not assail claimant's wage-loss eligibility under Ohio Adm.Code 4121–3–32(D)(1). It challenges instead the amount payable. Wage loss is contingent on a post-injury earnings reduction. At issue is the amount from which claimant's wages as a host floater is to be deducted.

Wage-loss compensation is not mentioned in R.C. 4123.61, the "average weekly wage" statute. Ohio Adm.Code 4121–3–32(A)(5), however, defines "wage loss" as "the difference between the employee's present earnings and the greater of the employee's full weekly wage or average weekly wage." The commission followed this formula here.

Sanese's argument suggests that claimant's actions—specifically those that precipitated his demotion—break the causal relationship between the claimant's injury and the amount of wage loss claimed, and necessitate a departure from this formula. We find the analysis in *State ex rel. Watts v. Schottenstein Stores Corp.* (1993), 68 Ohio St.3d 118, 623 N.E.2d 1202, persuasive here. There, we declined to elevate employee conduct to a preeminent factor in determining eligibility for wage-loss compensation. We held that employee conduct was not an automatic bar to wage-loss compensation based upon our overriding concern of furthering the purposes of the Workers' Compensation Act, which is to compensate workers for injuries suffered in their employment. Thus, while the commission could deny wage-loss compensation based on a claimant's actions, it was not compelled to do so.

We find that this same logic applies to calculating the amount of wage-loss compensation as well. Consequently, the commission did not abuse its discretion in choosing claimant's wages as a route supervisor as the amount from which to deduct claimant's reduced earnings as a host floater.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.